UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JOSEPH CAVANAGH, ) | Case No. CV 10-6331-R (RNB) |
| Petitioner, ) | |
| vs. ) | ORDER TO SHOW CAUSE |
| DIRECTOR, VENTURA ) | |
| COUNTY PROBATION, ) | |
| Respondent. ) | |

On August 24, 2010, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein, ostensibly pursuant to 28 U.S.C. § 2254, along with a supporting Memorandum of Points and Authorities ("Pet. Mem.").[1] The Court's initial review of the Petition and accompanying Memorandum revealed that petitioner had referenced in the Memorandum numerous exhibits, none of which was attached. Accordingly, on August 26, 2010, the Court ordered petitioner to lodge copies of all the referenced exhibits. Following an extension of time, petitioner did so on October 14, 2010.

---

[1] Concurrently, petitioner moved for provisional relief, including the issuance of an order to show cause re contempt, with respect to a probation violation proceeding then pending against him in Ventura County Superior Court. On August 25, 2010, the assigned District Judge denied petitioner's request for provisional relief.

The Petition purports to be directed to a conviction sustained by petitioner in Ventura County Superior Court on or about June 15, 2005 (sentencing date), following petitioner's guilty plea on or about March 3, 2005 to two of 29 counts charging the willful nonpayment of California taxes. Although petitioner has purported to allege seven grounds for relief in Section 7 of the habeas form, Ground four is directed to a ruling by the Bankruptcy Court (see Pet. at ¶ 7.d and Pet. Mem. at 37-40) and does not fall within the scope of federal habeas corpus jurisdiction.[2] Ground six seeks to invoke the Bankruptcy Court's equitable jurisdiction (see Pet. at ¶ 7.f and Pet. Mem. at 43-45) and also does not fall within the scope of federal habeas corpus jurisdiction. Ground seven arises out of (a) petitioner allegedly being held in custody without the appointment of counsel from November 13, 2009, which has no relevance whatsoever to the legality of his 2005 conviction, and (b) the alleged failure of the state court to provide petitioner with "effective bankruptcy representation," by which petitioner apparently means "counsel willing and able to investigate and raise his bankruptcy defenses." (See Pet. at ¶ 7.g and Pet. Mem. at 45-46.)[3] The gravamen

---

[2] Indeed, the Court notes that it appears from the exhibits lodged by petitioner that the ruling of the Bankruptcy Court about which petitioner is complaining was affirmed by the Bankruptcy Appellate Panel, and that the Ninth Circuit dismissed petitioner's appeal from the Bankruptcy Appellate Panel decision for lack of jurisdiction.

[3] The Court notes that an ineffective assistance of trial counsel claim generally is cognizable on federal habeas review. However, if petitioner's guilty plea was voluntary and intelligent, the plea would foreclose any collateral challenge of his 2005 conviction based on the alleged ineffective assistance of counsel predating the entry of the guilty plea, although it would not foreclose petitioner's jurisdictional challenge to the 2005 conviction. See Tollett v. Henderson, 411 U.S. 258, 266-67, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of

(continued...)

of petitioner's remaining grounds for relief is that his 2005 conviction is null and void because the Ventura County Superior Court lacked jurisdiction by virtue of the notice of removal that petitioner had filed on or about January 31, 2005. Although by the time of petitioner's sentencing on or about June 15, 2005, the Bankruptcy Court already had issued an Order remanding petitioner's criminal case to the Ventura County Superior Court based on its finding inter alia that the case did not meet the removal requirements of 28 U.S.C. § 1452 because it "was a criminal case in Ventura County Superior Court and [was] an exercise of police power" (see Lodged Exhibit Y), a ruling that subsequently was affirmed by the Bankruptcy Appellate Panel (see Lodged Exhibit DD), petitioner contends that the Superior Court never reacquired jurisdiction "because there is no evidence that a certified copy of remand has ever been mailed by the bankruptcy court clerk." (See Pet. Mem. at 36.)

Based on its review of the Petition, it appears to the Court that the Petition is time barred, and that all of the cognizable claims alleged in the Petition are unexhausted. Accordingly, on or before **November 22, 2010**, petitioner is ordered to show cause in writing (if any he has) (a) why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness,[4] and (b) even if the Petition is not time barred (or the time bar issue cannot be decided at this stage

---

[3](...continued)
constitutional rights that occurred prior to the entry of the guilty plea."); Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994) (foreclosing pre-plea ineffective assistance of counsel claim), cert. denied, 516 U.S. 976 (1995).

[4] The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

of the proceedings), why the Court should not recommend that this action be dismissed without prejudice for failure to exhaust state remedies.[5]

### **The time bar issue**

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d).[6] See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[7] 28 U.S.C. § 2244(d) provides:

> "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by

---

[5] The Ninth Circuit has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam), cert. denied, 455 U.S. 1023 (1982); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

[6] For purposes of his response to this Order to Show Cause, petitioner is advised that any attempt to avail himself of an "actual innocence" exception to the AEDPA statute of limitations now is foreclosed by the Ninth Circuit's recent holding in Lee v. Lampert, 610 F.3d 1125, 1134 (9th Cir. 2010) that there is no "actual innocence" exception to the AEDPA's one-year limitation period.

[7] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, it appears from the face of the Petition that petitioner failed to appeal from the 2005 judgment of conviction. (See Pet. at ¶ 3.) Under California law in effect at the time of petitioner's conviction, an appeal had to be filed within 60 days after the rendition of the judgment. See former Cal. Rule of Court 31(a). Where the judgment of conviction was entered upon a guilty plea, the defendant was required to file a notice of intended appeal within the 60-day period, accompanied by a statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings"; the appeal did not become operative unless and until the trial court executed and filed a certificate of probable cause for appeal. See former Cal. Rule of Court 31(d); see also Cal. Penal Code § 1275. Consequently, for purposes of 28 U.S.C. § 2244(d)(1)(A), "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" here was August 14, 2005, when petitioner's time to file an intended notice of appeal expired.

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B) because he was impeded from filing his federal petition by unconstitutional state action. Nor does it appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) since none of his cognizable claims appears to be based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) since it appears that petitioner was aware of the **factual** predicate of each of his cognizable claims as of the date he was convicted and sentenced. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was August 14, 2006. See Patterson v. Stewart, 251 F.3d 1243,1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

28 U.S.C. § 2244(d)(2) provides:

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000), the Ninth Circuit construed the foregoing tolling provision with reference to California's post-conviction procedures. The Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the

1  California Supreme Court rejects the petitioner's final collateral challenge." See id.
2  at 1006. Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed.
3  2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's
4  application for collateral review remains "pending" during the intervals between the
5  time a lower state court denies the application and the time the petitioner files a further
6  petition in a higher state court). However, the statute of limitations is not tolled
7  during the interval between the date on which the judgment of conviction became final
8  and the filing of the petitioner's first collateral challenge. See Nino, 183 F.3d at 1006.

9  Here, in response to the question asking whether, other than his direct appeal,
10 he had filed any other petitions, applications, or motions with respect to his
11 conviction, the only state collateral filing listed by petitioner is a habeas petition filed
12 in the California Court of Appeal on or about May 7, 2009. (See Pet. at ¶ 6.a.). By
13 then, the one-year limitation period already had lapsed and could not be reinitiated.
14 See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (holding that § 2244(d)
15 "does not permit the reinitiation of the limitations period that has ended before the
16 state petition was filed," even if the state petition was timely filed), cert. denied, 540
17 U.S. 924 (2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v.
18 Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143
19 (2002).

20 The Supreme Court recently held that the AEDPA's one-year limitation period
21 also is subject to equitable tolling in appropriate cases. See Holland v. Florida, - U.S.
22 -, 130 S. Ct. 2548, 2560, 177 L. Ed. 2d 130 (2010). If petitioner intends to rely on the
23 equitable tolling doctrine, he will need to include with his response to this Order to
24 Show Cause a declaration under penalty of perjury stating facts showing (1) that he
25 has been pursuing his rights diligently; and (2) that some extraordinary circumstance
26 stood in his way and prevented his timely filing. See Holland, 130 S. Ct. at 2562;
27 Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).
28 However, for purposes of his response to this Order to Show Cause, petitioner

is advised that neither ignorance of the law nor lack of legal assistance constitutes an "extraordinary circumstance" that warrants equitable tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling[ ]"); Turner v. Johnson, 177 F.3d 390, 391 (5th Cir.) (per curiam), cert. denied, 528 U.S. 1007 (1999) (lack of familiarity with legal process, "due to illiteracy or any other reason[,]" does not merit equitable tolling of AEDPA limitations period); Gazzeny v. Yates, 2009 WL 294199, at *6 (C.D. Cal. Feb. 4, 2009) (noting that "[a] prisoner's illiteracy or ignorance of the law do not constitute extraordinary circumstances" for purposes of tolling of the AEDPA statute of limitations); Barnett v. Knowles, 2006 WL 824474, at *5 (N.D. Cal. Mar. 29, 2006) (illiteracy and pro se status are not ordinarily extraordinary circumstances or external factors that may excuse failure to comply with federal habeas procedures); Singletary v. Newland, 2001 WL 1220738, at * 2 (N.D. Cal. Sept. 28, 2001) ("A misunderstanding of the complexities of federal habeas relief is not considered an extraordinary circumstance or external factor for purposes of avoiding an otherwise valid dismissal, as complete illiteracy does not even provide a sufficient basis for equitable tolling."); Ekenberg v. Lewis, 1999 WL 13720, *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); Bolds v. Newland, 1997 WL 732529, *2 (N.D. Cal. Nov. 12, 1997) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); see also Hinton v. Pacific Enterprises, 5 F.3d 391, 396-97 (9th Cir. 1993) (mere ignorance of the law generally is an insufficient basis to equitably toll the running of an applicable statute of limitations), cert. denied, 511 U.S. 1083 (1994); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (holding that neither "lack of knowledge of applicable filing deadlines," nor "unfamiliarity with the legal process," nor "lack of representation during the applicable filing period," nor "illiteracy," provides a basis for equitable tolling).

**The exhaustion issue**

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[8] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, it appears from face of the Petition that petitioner has never sought relief from the California Supreme Court with respect to any of his cognizable grounds for relief. (See Pet. at ¶¶ 4, 6, 8.) Indeed, with respect to each of his grounds for relief, petitioner responded in the negative to the questions asking whether he raised the claim in a Petition for Review to the California Supreme Court or in a habeas petition to the California Supreme Court. It thus appears from the face of the Petition that petitioner has not exhausted his state remedies with respect to any of the grounds for

---

[8] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

relief being alleged herein.[9]

If it were clear that the California Supreme Court would hold that petitioner's unexhausted claims directed to the legality of his 2005 conviction were procedurally barred under state law, then the exhaustion requirement would be satisfied.[10] See Castille v. Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson, 88 F.3d at 831; Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court will hold that petitioner's claims are procedurally barred under state law. See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for invocation of either "exception" cited

---

[9] Although petitioner appears to be contending in ¶ 8 of the Petition that he did not have to present his claims to the California Supreme Court because "it has no jurisdiction based on removal," petitioner is mistaken. The removal did not preclude the California Supreme Court from considering petitioner's jurisdictional challenge, especially since petitioner was basing his contention that the Ventura County Superior Court never reacquired jurisdiction on California case authority. Moreover, as noted above, petitioner's criminal case was remanded back to the state courts in 2005 because, among other reasons, it did not meet the removal requirements of 28 U.S.C. § 1452. Finally, as noted above, the exhaustion of state remedies is a prerequisite to obtaining federal habeas relief under 28 U.S.C. § 2254.

[10] In that event, although the exhaustion impediment to consideration of petitioner's claims on their merits would be removed, federal habeas review of the claims would still be barred unless petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a "fundamental miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

above to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court.

Finally, the Court notes that this is not an appropriate case for invocation of the stay-and-abeyance procedure authorized by Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), or the stay-and-abeyance procedure authorized by Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.), cert. denied, 525 U.S. 920 (1998) and Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). The Rhines procedure applies to mixed petitions, and the Kelly procedure applies to fully exhausted petitions. See King v. Ryan, 564 F.3d 1133, 1139-40 (9th Cir.), cert. denied, 130 S. Ct. 214 (2009). The Petition herein is neither; rather, it constitutes a petition containing solely unexhausted claims. The Ninth Circuit has held in a post-Rhines decision that the stay-and-abeyance procedure does not apply to petitions containing solely unexhausted claims. See Rasberry, 448 F.3d at 1154. A petition containing solely unexhausted claims must be dismissed. See Jiminez, 276 F.3d at 481.

DATED: October 18, 2010

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE