

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JOSEPH CAVANAGH,<br><br>    Petitioner,<br><br>    vs.<br><br>DIRECTOR, VENTURA COUNTY PROBATION,<br><br>    Respondent. | Case No. CV 10-6331-R (RNB)<br><br>ORDER ADOPTING IN PART FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On August 24, 2010, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein, ostensibly pursuant to 28 U.S.C. § 2254.

On February 11, 2011, the assigned Magistrate Judge (Judge Block) issued a Report and Recommendation herein recommending the summary dismissal of the Petition for untimeliness pursuant to 28 U.S.C. § 2244(d) or alternatively on account of petitioner's failure to exhaust his state remedies as required by 28 U.S.C. § 2254(b). In the Report and Recommendation, the Magistrate Judge inter alia rejected petitioner's contention that Lee v. Lampert, 610 F.3d 1125 (9th Cir. 2010) constituted authority supportive of petitioner's contention that neither § 2244(d) nor § 2254(b) applied to a habeas petitioner who was challenging his state court conviction on jurisdictional grounds. The Magistrate Judge noted that the issue in Lee had been whether the AEDPA's statute of limitations was subject to an "actual innocence"

1

exception, and that the Ninth Circuit had held that the answer was no.

Following an extension of time, petitioner filed objections to the Report and Recommendation on April 4, 2011. In his objections, petitioner asserts that, based on Lee, he did not raise the issue of the "actual innocence" exception in his habeas petition or in his final response to the Magistrate Judge's Order to Show Cause. However, now that the Ninth Circuit has decided to rehear en banc the Lee case and decreed that the panel decision cannot be cited as precedent in this Circuit, petitioner maintains that, even if the Petition was untimely filed, he should be excused for his untimeliness because he is "actually innocent" of a public offense. Petitioner further contends that, because he has presented a "credible claim of innocence," the Court has "a duty to fully develop the factual record."

The Court has concluded that it is unnecessary to make a determination of whether (a) the AEDPA's statute of limitations is subject to an "actual innocence" exception, or (b) even if the AEDPA's statute of limitations is subject to an "actual innocence" exception, petitioner has met his heavy burden under Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) of showing that a constitutional violation probably has caused the conviction of one who is actually innocent of the crime. Even if the Court were to find that petitioner's untimely filing of his federal habeas petition was excused, the fact remains that petitioner has never sought relief from the California Supreme Court with respect to any of his cognizable grounds for relief. As noted by the Magistrate Judge, with respect to each of his grounds for relief, petitioner responded in the negative to the questions asking whether he raised the claim in a Petition for Review to the California Supreme Court or in a habeas petition to the California Supreme Court. The Court therefore concurs with the Magistrate Judge that it thus appears from the face of the Petition that petitioner has not exhausted his state remedies with respect to any of his cognizable grounds for relief being alleged herein. Moreover, the Court rejects the contention made by petitioner in his objections that the exhaustion of state remedies requirement

is excused in this matter. As noted by the Magistrate Judge, petitioner's purported removal did not preclude the California Supreme Court from considering petitioner's jurisdictional challenge, especially since petitioner was basing his contention that the Ventura County Superior Court never reacquired jurisdiction on California case authority. Moreover, petitioner's criminal case was remanded back to the state courts in 2005 because, among other reasons, it did not meet the removal requirements of 28 U.S.C. § 1452.

Accordingly, having made a de novo determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and adopts the findings, conclusions, and recommendations of the Magistrate Judge with respect to the exhaustion issue.

IT THEREFORE IS ORDERED that Judgment be entered summarily dismissing this action without prejudice.

DATED: April 6, 2011

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE